# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DARLA KEYS, ET. AL. | CIVIL ACTION |
| VERSUS | 17-364-SDD-EWD |
| U.S. XPRESS, Inc. ET. AL. | |

## RULING

This matter is before the Court on the *Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)*[1] filed by Defendants, U.S Xpress, Inc. et. al. ("Defendants"). Plaintiffs, Darla Keys, et. al. ("Plaintiffs") have not filed an opposition to Defendants' *Motion.* For the following reasons, the Court finds that the motion should be granted, and this action should be transferred to the United States District Court for the Eastern District of Texas ("the Eastern District of Texas").

## I.   FACTUAL BACKGROUND[2]

Plaintiffs filed this action against the Defendants due to an 18 wheeler accident which occurred in Gregg County, Texas on April 26, 2016. The Plaintiffs allege that they suffered multiple and serious injuries to their persons, as well as damage to their vehicle. Two of the Plaintiffs are residents of Orleans Parish, Louisiana and the remaining Plaintiff is a resident of Texas.[3] The Defendants now move to transfer the case to the Eastern District of Texas, Tyler Division "because all of the acts that Plaintiffs allege occurred took place in that district, many fact witnesses are located in that district, and all the records

---

[1] Rec. Doc. No. 5.
[2] The facts are derived from the *Petition for Damages* (Rec. Doc. 1-3).
[3] Rec. Doc. 3-1.
43797

pertaining to the facts surrounding the accident will likely be located in that district."[4]

## II. LAW & ANALYSIS

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought, regardless of whether venue exists in the original forum.[5] If venue is proper in the original forum, the transfer may be made pursuant to Section 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." If venue is improper in the original forum, the transfer must be made under Section 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Assuming without deciding that venue in the Middle District of Louisiana is proper, the Court will consider whether this action should be transferred to another judicial district under 28 U.S.C. § 1404(a). The underlying premise of Section 1404(a) is that courts should prevent plaintiffs from abusing their privilege under Section 1391 by subjecting defendants to venues that are inconvenient under the terms of Section 1404(a).[6]

It is undisputed that the Eastern District of Texas is a district in which this action initially could have been brought. Thus, the Court's consideration is whether transferring the case to the Eastern District of Texas serves the convenience of the parties and

---

[4] Rec. Doc. 5-1, pp. 1-2.
[5] *See* 28 U.S.C. §§ 1404(a) and § 1406(a).
[6] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008).
43797

witnesses and is in the interest of justice.[7]  The Fifth Circuit has held that: "Section 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals," and "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal."[8]  Additionally, the moving party bears the burden of showing "good cause," which the Fifth Circuit explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient."[9]

The Fifth Circuit has adopted the private and public interest factors for the determination of whether a Section 1404(a) venue transfer is for the convenience of the parties and witnesses and is in the interest of justice.[10]  The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[11]  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[12]

---

[7] *Id.*; *Entex Production, Inc. v. Mid Continent Cas. Co.*, No. 07-760-JJB-DLD, 2008 WL 191650 at *2 (M.D. La. Jan. 22, 2008).

[8] *Digital–Vending Services, Intern., L.L.C. v. University of Phoenix, Inc.*, 2009 WL 3161361 (E.D.Tex. 2009), citing *In re Volkswagen*, 545 F.3d at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955)).

[9] *In re Volkswagen*, 545 F.3d at 315.

[10] *Id.*

[11] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

[12] *Id.*

43797

Considering the private and public interest factors set forth above, while some factors are neutral, the Court finds that these factors weigh in favor of transferring this case to the Eastern District of Texas; specifically, the location of fact witnesses in the Eastern District of Texas (private interest factor 1), a Texas law enforcement officer's investigation into the accident (public interest factor 2), and the high probability that Texas state law will apply in the adjudication of this matter (public interest factors 2, 3, and 4). Furthermore, the events that give rise to this suit have no relevant connection to the Middle District, and the two Plaintiffs who are residents of Louisiana have little interest or stake in having this case decided here. In contrast, as the events giving rise to this suit occurred in the Eastern District of Texas, its residents have an interest and stake in the resolution of this case. This factor strongly favors transfer of this case to the Eastern District of Texas.

The allegations in the Plaintiffs' *Complaint* fail to establish a single connection to the Middle District. As this matter is still in the early stages of litigation, the Court finds that transfer will not cause serious delay.

### III. CONCLUSION

It is evident that the Eastern District of Texas is a more appropriate forum for Plaintiffs' claims. The Middle District has no connection whatsoever to the facts of this case. Rather, the Eastern District of Texas has every connection to this action. Further, the foregoing private and public factors as applied to this case show that the Eastern District of Texas is clearly a more convenient forum than the Middle District. Accordingly, the Court finds that it is in the interest of justice that this civil action be transferred to the Eastern District of Texas, Tyler Division for further consideration. Accordingly, the

43797

Defendants' *Motion to Transfer Case to Transfer Venue*[13] is GRANTED, and this case shall be transferred to the Eastern District of Texas, Tyler division.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 1, 2018.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. No. 5-1.